**DLD-61**                                              **NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

NOS. 06-1829, 06-1830, 06-1831, 06-1832, 06-1833,
06-1834, 06-1835, 06-1836, 06-1848, 06-1850

---

IN RE: FREDERICK H. BANKS,

Debtor



FILED
DEC 27 2006
CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PA

FREDERICK H. BANKS,

Appellant

v.

WILLIAM T. BERGER; U.S.
ATTORNEY'S OFFICE

---

IN RE: FREDERICK H. BANKS,

Debtor

FREDERICK H. BANKS,

Appellant

v.

RICHARD P. HERBERT; U.S.
ATTORNEY'S OFFICE

---

IN RE: FREDERICK H. BANKS,

Debtor

FREDERICK H. BANKS,

Appellant

v.

WALTER BYRD; U.S.
ATTORNEY'S OFFICE

---

IN RE: FREDERICK H. BANKS,

Debtor

FREDERICK H. BANKS,

Appellant

v.

DON V. WELLS, JR.; U.S.
ATTORNEY'S OFFICE

---

IN RE: FREDERICK H. BANKS,

Debtor

FREDERICK H. BANKS,

Appellant

v.

MONKEY KARAOKE; VIOSOFTWARE; KATRINA
MCELROY; JIMMY DO; WARREN DO; U.S.
ATTORNEY'S OFFICE

---

IN RE: FREDERICK H. BANKS,

Debtor

FREDERICK H. BANKS,

Appellant

v.

RAY RUSSELL, JR.; U.S.
ATTORNEY'S OFFICE

---

IN RE: FREDERICK H. BANKS,

Debtor

FREDERICK H. BANKS,

Appellant

v.

TIM DAVIS; U.S.
ATTORNEY'S OFFICE

---

IN RE: FREDERICK H. BANKS,

Debtor

FREDERICK H. BANKS,

Appellant

v.

NATHAN ANGELUS SOFTWARE PROVISIONS;
U.S. ATTORNEY'S OFFICE

---

IN RE: FREDERICK H. BANKS,

Debtor

FREDERICK H. BANKS,

Appellant

v.

PETER J. CALABRESE; U.S.
ATTORNEY'S OFFICE

---

IN RE: FREDERICK H. BANKS,

Debtor

FREDERICK H. BANKS,

Appellant

4

v.

THOMAS FREUND; U.S.

ATTORNEY'S OFFICE

---

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. Nos. 05-00594, 05-00595, 05-00596, 05-00597, 05-00598,
05-00599, 05-00600, 05-00601, 05-00613, & 05-00615)
District Judge: Honorable Joy Flowers Conti

---

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 30, 2006

Before: BARRY, AMBRO AND FISHER, <u>CIRCUIT JUDGES</u>
(Filed: December 22, 2006)

---

OPINION

---

PER CURIAM

On November 1, 2001, Frederick H. Banks filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code. The appointed trustee in bankruptcy filed a report of no assets. In 2005, Banks filed many adversary actions, including the ten at issue in these related appeals.[1] The United States unsuccessfully moved in the Bankruptcy Court to intervene in some of them. The Bankruptcy Court, holding that it lacked subject-matter

---

[1] Banks chose as Defendants in these actions victims and witnesses of crimes for which the United States prosecuted him.

5

jurisdiction over these adversary actions (and others that we do not presently consider) because they related only to post-petition acts unrelated to the administration of Banks' bankruptcy case, dismissed them. Banks appealed to the District Court. The United States did not appeal from the Bankruptcy Court's order denying its motion to intervene, but moved to intervene or to file an amicus curiae brief in the District Court. The District Court denied the motion to intervene, but allowed the United States to file a brief. The District Court affirmed the order dismissing the adversary actions.

Banks appeals. The United States does not appeal from the order denying the motion to intervene. However, the United States and the United States Attorney's Office, neither of whom were parties in the District Court, but the latter of whom is named as a party on appeal, filed a motion for summary action, seeking affirmance of the order dismissing the adversary actions,[2] and a motion to stay the briefing schedule pending the resolution of the motion for summary action. The Clerk granted the motion to stay the briefing schedule. Banks opposes the motion for summary action, moves for reconsideration of the order granting the motion to stay the briefing schedule, and moves to strike both motions.

The District Court had jurisdiction to review the Bankruptcy Court's order pursuant to 28 U.S.C. § 158(a), and we have jurisdiction to review the District Court's order under 28 U.S.C. §§ 158(d) & 1291. We exercise the same standard of review as the

---

[2] In their motion, they also ask us to affirm a separately appealed-from order in another case brought by Banks. We do not presently consider that request.

6

District Court, subjecting the Bankruptcy Court's legal determinations to plenary review and reviewing its factual findings for clear error. See In re United Healthcare Sys., 396 F.3d 247, 249 (3d Cir. 2005).

We consider first the pending motions. More specifically, we must decide whether the United States and the United States Attorney's Office have standing to advance their pending motion. Although the United States Attorney's Office is nominally a party to these related appeals, the appealed-from order does not affect its rights or the United States' rights. Accordingly, they lack standing to argue the merits of these appeals. See Marshall v. Sun Petroleum Products Co., 622 F.2d 1176, 1188 (3d Cir. 1980) (concluding that nominal parties on appeal have no standing to defend the merits of a decision); In re St. Clair & Karen M. St. Clair, 251 B.R. 660, 670 & n.11 (D.N.J. 2000). We therefore deny the motion for summary affirmance insofar as it relates to the appeals listed above. We do not grant reconsideration of the order staying the briefing schedule, however. Nor do we grant Banks' motion to strike the Government's motions.

Even though we deny the Government's motion for summary affirmance, we will summarily affirm because no substantial question is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6. The Bankruptcy Court indeed lacked subject-matter jurisdiction over the ten listed adversary actions.[3] Two statutes, 28 U.S.C. §§ 1334 and 157, provide the

---

[3] Although Banks took issue in the District Court with the Bankruptcy Court's action to dismiss his adversary actions sua sponte, as the District Court explained, the Bankruptcy Court was obligated to evaluate its jurisdiction and dismiss the actions over which it lacked jurisdiction.

7

source of a bankruptcy court's jurisdiction. See Binder v. Price Waterhouse & Co., 372 F.3d 154, 161 (3d Cir. 2004). Under these statutes, and relevant to our analysis here, a bankruptcy court has jurisdiction over those cases "'at least "related to" the bankruptcy.'" In re Marcus Hook Dev. Park, Inc., 943 F.2d 261, 266 (3d Cir. 1991) (citations omitted). Litigation is related to a bankruptcy if its outcome could "conceivably have any effect on the estate being administrated in bankruptcy." See Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984); see also In re Marcus Hook Dev. Park, Inc., 943 F.2d at 264 (stressing the term "conceivably"). More specifically, an action is related to bankruptcy if its outcome "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." See Pacor, 743 F.2d at 994. The ten adversary actions were unrelated to bankruptcy because, as Banks plainly alleges in all of his complaints, the supposed wrongs occurred in 2002 or beyond. Accordingly, they are not property of the bankruptcy estate such that their resolution would affect the handling or administration of the estate. See In re Bobroff, 766 F.2d 797, 803 (3d Cir. 1985) (citing 11 U.S.C. § 541 for the proposition that "the only property interests of a debtor that become part of the estate are those existing 'as of the commencement of the case.'")

In sum, because the Bankruptcy Court lacked subject-matter jurisdiction, we will affirm the order insomuch as it dismissed the ten listed adversary actions. As we noted above, the motions of the United States, the United States Attorney's Office, and Banks are denied.

8

**DLD-61**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
NOS. 06-1829, 06-1830, 06-1831, 06-1832, 06-1833,
06-1834, 06-1835, 06-1836, 06-1848, & 06-1850

IN RE: FREDERICK H. BANKS,

Debtor

FREDERICK H. BANKS,

Appellant

v.

WILLIAM T. BERGER; U.S.
ATTORNEY'S OFFICE

IN RE: FREDERICK H. BANKS,

Debtor

FREDERICK H. BANKS,

Appellant

v.

RICHARD P. HERBERT; U.S.
ATTORNEY'S OFFICE

IN RE: FREDERICK H. BANKS,

Debtor
FREDERICK H. BANKS,

Appellant

v.

WALTER BYRD; U.S.
ATTORNEY'S OFFICE

---

IN RE: FREDERICK H. BANKS,

Debtor

FREDERICK H. BANKS,

Appellant

v.

DON V. WELLS, JR.; U.S.
ATTORNEY'S OFFICE

---

IN RE: FREDERICK H. BANKS,

Debtor

FREDERICK H. BANKS,

Appellant

v.

MONKEY KARAOKE; VIOSOFTWARE; KATRINA
MCELROY; JIMMY DO; WARREN DO; U.S.
ATTORNEY'S OFFICE

---

IN RE: FREDERICK H. BANKS,

Debtor

FREDERICK H. BANKS,

Appellant

v.

RAY RUSSELL, JR.; U.S.
ATTORNEY'S OFFICE

---

IN RE: FREDERICK H. BANKS,

Debtor

FREDERICK H. BANKS,

Appellant

v.

TIM DAVIS; U.S.
ATTORNEY'S OFFICE

---

IN RE: FREDERICK H. BANKS,

Debtor

FREDERICK H. BANKS,

Appellant

v.

NATHAN ANGELUS SOFTWARE PROVISIONS;
U.S. ATTORNEY'S OFFICE

---

IN RE: FREDERICK H. BANKS,

Debtor

FREDERICK H. BANKS,

Appellant

v.

PETER J. CALABRESE; U.S.
ATTORNEY'S OFFICE

---

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,

Appellant

v.

THOMAS FREUND; U.S.
ATTORNEY'S OFFICE

---

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. Nos. 05-00594, 05-00595, 05-00596, 05-00597, 05-00598,
05-00599, 05-00600, 05-00601, 05-00613, & 05-00615)
District Judge: Honorable Joy Flowers Conti

---

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 30, 2006
Before: BARRY, AMBRO AND FISHER, <u>CIRCUIT JUDGES</u>

## JUDGMENT

These causes came on to be heard on the record from the United States District Court for the Western District of Pennsylvania and were submitted for possible dismissal under 28 U.S.C. §1915(e)(2)(b) or summary action under Third Circuit LAR 27.4 and I.O.P. 10.6. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this court that the judgment of the district court entered February 28, 2006, as it relates to the above-captioned appeals, be, and the same is, hereby affirmed. Costs will not be taxed. All of the above in accordance with the opinion of this Court.

ATTEST:

/s/ Marcia M. Waldron

Clerk

DATED: December 22, 2006